## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Nucor Corporation d/b/a Nucor Building Systems-Utah, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT** |
| vs. | ) ) | |
| M.A. Hansen Construction, Inc.; Maertens-Brenny Construction Company; and Liberty Mutual Insurance Company, | ) ) ) ) | Case No. _____ |
| Defendants. | ) | |

COMES NOW the Plaintiff Nucor Corporation d/b/a Nucor Building Systems-Utah, a Delaware corporation ("Plaintiff"), and files its Complaint against Defendants M.A. Hansen Construction Inc., a Minnesota corporation, Maertens-Brenny Construction Company, a Minnesota corporation, and Liberty Mutual Insurance Company, respectfully showing the Court as follows:

1.

Plaintiff is a Delaware corporation with principal executive offices in Charlotte, North Carolina, and which transacts a business of manufacturing pre-engineered metal building systems in Brigham City, Utah.

2.

Defendant M.A. Hansen Construction Inc. (hereinafter called "Hansen") is a Minnesota corporation with principal executive offices at 1603 South Fourth Street, St. Peter, Minnesota 56082. Hansen is a citizen of Minnesota.

3.

Defendant Maertens-Brenny Construction Company (hereinafter called "Maertens-Brenny") is a Minnesota corporation with principal offices located at 8251 Main Street, N.E., Fridley, Minnesota 55432-1802.   Maertens-Brenny is a citizen of Minnesota.

4.

Defendant Liberty Mutual Insurance Company (hereinafter called "Liberty Mutual") is a Massachusetts corporation with principal offices at 175 Berkeley, Boston, Massachusetts 02116. Liberty Mutual is a citizen of Massachusetts.

**Factual Background**

5.

Maertens-Brenny contracted as a general contractor with BNI Coal, Inc. as owner for the construction of a building structure and BNI Coal, Inc's premises located in Center, North Dakota, known as the BNI Coal Shop Bay, Wash Bay, Lube Storage and Loading Dock (which structure is hereinafter called the "Project").

6.

Maertens-Brenny procured and supplied from Liberty Mutual a payment bond in the amount of $3,940,600.00 to assure and secure payment of amounts owed subcontractors and suppliers of goods and equipment to the Project.  An accurate and complete copy of the payment bond, Number 190-023-874 dated March 1, 2011, is attached to this Complaint as Exhibit "A" hereby and by reference is incorporated herein.

7.

Maertens-Brenny contracted with Hansen as a subcontractor pursuant to a contract dated March 14, 2011 to furnish and install certain improvements, goods, equipment, and metal building system, including all labor and materials.

8.

Defendant Hansen contracted with Plaintiff pursuant to a purchase order agreement dated March 11, 2011 for the purchase of a metal building system to be incorporated in the Project pursuant to Hansen's contract with Maertens-Brenny.  The Purchase Order Contract between Hansen and Plaintiff originally signed on March 11, 2011, as amended by change orders thereafter is hereinafter called the "Purchase Order Contract".

9.

The Purchase Order Contract between Plaintiff and Hansen was amended by change order confirmation agreements on May 6, 2011 (Change Order No. 1); May 6, 2011 (Change Order No. 2); May 19, 2011 (Change Order No. 3); June 21, 2011 (Change Order No. 4); and June 21, 2011 (Change Order No. 5).

10.

The total revised contract price for the Purchase Order Contract between Plaintiff and Hansen, after applying Change Orders 1 through 5, was $462,298.20.

11.

Plaintiff designed and manufactured the steel components and materials for the metal building system purchased by Hansen for the Project (which materials and components are hereinafter called the "Metal Building System").

12.

The Metal Building System was shipped and delivered by Plaintiff to the Project site in Center, North Dakota.  The Metal Building System was received and installed in the Project by Defendant Maertens-Brenny and/or its respective subcontractors, agents or representatives.

13.

Plaintiff, after preparation and delivery of engineering design and erection permit drawings of the metal building system, issued its initial invoice to Hansen pursuant to the provisions of the Purchase Order Contract in the amount of $13,382.25 on April 29, 2011 (the "First Invoice").  Payment of this invoice was due on or before May 29, 2011.

14.

Hansen failed and refused to pay the Purchase Price due pursuant to the invoices and Purchase Order Contract with Plaintiff.

15.

On July 15 and 18, 2011, Plaintiff delivered substantially all of the Metal Building System, and on August 4, 2011, Plaintiff delivered the remainder of the Metal Building System to the job site for the Project.

16.

On July 29, 2011, Plaintiff issued its invoice for the balance of the contract price for the Metal Building System in the amount of $448,915.95 (the "Second Invoice").  Payment of the Second Invoice was due on or before September 28, 2011.

17.

On or about August 2, 2011, BNI Coal, Inc., as owner, paid Maertens-Brenny the sum of $888,521.40 which included $474,294.00 for the Metal Building System supplied by Plaintiff.

18.

On August 29, 2011, Plaintiff, through its legal counsel, transmitted a letter to Maertens-Brenny, Liberty Mutual, BNI Coal, Inc. and Willis of Minnesota, Inc., giving notice and making demand for payment of the amount of $462,298.20 for the Metal Building System for which no payment had been made to Plaintiff.  A true and correct copy of the letter with attachments from Mr. Robert B. Hill, McLain & Merritt, P.C., to Maertens-Brenny, Liberty Mutual, BNI Coal, and Ed Willis of Minnesota, is attached to this Complaint as Exhibit "B" hereby and by reference is incorporated herein.

19.

On or about September 7, 2011, Liberty Mutual requested Plaintiff supplement its claim.

20.

On or about September 29, 2011, Plaintiff, through its legal counsel, supplemented its claim per Liberty Mutual's request.

21.

To date, Plaintiff has not received an answer from Liberty Mutual to its supplemented claim.

22.

Notwithstanding notice of the claim and demand, neither Maertens-Brenny nor Liberty Mutual has made payment for the Metal Building System supplied to and incorporated in the Project.

23.

Notwithstanding notice and demand of nonpayment by Hansen, and payment for the Metal Building System by owner to Maertens-Brenny, neither Maertens-Brenny nor Liberty Mutual has made payment of any portion of the Purchase Price for the Metal Building System.

**Basis of Jurisdiction**

24.

Plaintiff is a citizen of different states from Defendants Hansen, Maertens-Brenny, and Liberty Mutual.

25.

The amount in controversy includes the Purchase Price due under the Purchase Order Contract, as amended by Change Orders, in the amount of $462,298.20 plus interest accrued in accordance with the terms of the Purchase Order Contract, reasonable attorney's fees, costs of collection, and costs of action.

26.

The amount in controversy exceeds the jurisdictional amount of $75,000.00 for jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

27.

This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1332 based upon diversity of citizenship.

28.

Defendants Hansen, Maertens-Brenny, and Liberty Mutual have transacted business based upon the Project within the State of North Dakota and are subject to the jurisdiction of this Court pursuant to Rule 4(b) of the North Dakota Rules of Civil Procedure.

- 6 -

29.

This Court has both subject matter jurisdiction and personal jurisdiction over each Defendant herein.

30.

Venue is proper in this Court pursuant to the provisions of applicable law including 28 U.S.C. § 1391.

## Claims for Relief

## COUNT I – BREACH OF CONTRACT

## (Hansen)

31.

The averments of paragraphs 1 through 30 are incorporated herein by reference and realleged as if fully restated herein.

32.

Defendant Hansen defaulted and breached the Purchase Order Contract for the purchase of the Metal Building System from Plaintiff by failing and refusing to pay the contract price.

33.

Defendant Hansen is indebted to Plaintiff for the principal sum of $462,298.20.

34.

Pursuant to the terms of the Purchase Order Contract, late fees in the amount of 1 ½ percent of the unpaid amounts due accrues each month until paid.

35.

Late fees have accrued on the amounts due under the First Invoice in the amount of $1,204.40 through November 29, 2011 and will continue to accrue at the rate of $200.73 per month until paid.

36.

Late fees have accrued on the amounts due under the Second Invoice in the amount of $26,934.96 through November 29, 2011 and will continue to accrue at the rate of $6,733.74 per month until paid.

37.

Pursuant to the terms of paragraph 10 of the Purchase Order Contract Terms and Conditions, Plaintiff is entitled to recover all costs of collection or attempting to collect all indebtedness including reasonable attorney's fees.

38.

Plaintiff is satisfied all conditions precedent to payment and recovery of the Purchase Price for the Metal System Building have been met.

## COUNT II – BREACH OF PAYMENT BOND

### (Maertens-Brenny and Liberty Mutual)

39.

The averments of paragraphs 1 through 38 are incorporated herein by reference and realleged as if fully restated herein.

40.

Plaintiff is a Claimant as defined in the payment bond, Number 190-023-874, issued by Liberty Mutual, as surety, and on which Maertens-Brenny is principal.

- 8 -

41.

Plaintiff is an intended third-party beneficiary to Defendants Maertens-Brenny and Liberty Mutual's contract with the owner to assure payment of sums due to Plaintiff as a claimant under the Payments Bond.

42.

Liberty Mutual has breached the Payment Bond by failing to send an answer to Plaintiff, within sixty (60) days after receipt of the requested supplemental information for the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

43.

Pursuant to the terms of the Payment Bond and the obligations of Maertens-Brenny and Liberty Mutual under the Contract with BNI Coal, Inc., Maertens-Brenny and Liberty Mutual are jointly and severally liable for the principal amounts due for the purchase price of the Metal Building System, accrued late fees, attorney's fees and costs of collections pursuant to the Purchase Order Contract between Plaintiff and Hansen.

## COUNT III – UNJUST ENRICHMENT

### (Maertens-Brenny and Liberty Mutual)

44

The averments of paragraphs 1 through 43 are incorporated herein by reference and realleged as if fully restated herein.

45.

Maertens-Brenny has been paid sums representing the Purchase Price of the Metal Building System supplied by Plaintiff by the owner BNI Coal, Inc.

46.

Maertens-Brenny has a duty to account for and pay suppliers of goods and materials purchased for and incorporated into the Project.

47.

Despite notice of nonpayment and demand, Maertens-Brenny has failed and refused to pay or remit the purchase price for the Metal Building System supplied for the Project by Plaintiff which Maertens-Brenny has constructed on the Project by its subcontractors and for which Maertens-Brenny has received payment from the owner.

48.

Maertens-Brenny has been and will be unjustly enriched and has converted and deprived Plaintiff of payment for materials which have been sold, delivered, and incorporated into the Project.

## COUNT IV – BREACH OF IMPLIED CONTRACT

### (Maertens-Brenny and Liberty Mutual)

49.

The averments of paragraphs 1 through 48 are incorporated herein by reference and realleged as if fully restated herein.

50.

Plaintiff has supplied a Metal Building System, the reasonable value of which is the Purchase Price amount of $462,298.20.

51.

The Metal Building System supplied by Plaintiff has been received, installed and utilized by Maertens-Brenny by incorporating the Metal Building System into the Project.

52.

Maertens-Brenny has been paid sums, sufficient to pay Plaintiff the reasonable value of the Metal Building System, by BNI Coal, Inc.

53.

By accepting the Metal Building System and constructing it onto the Project and accepting payment from BNI Coal, Inc. for the Metal Building System, Maertens-Brenny and Liberty Mutual are obliged by implied agreement to pay the purchase price for the Metal Building System.

## COUNT V – UNFAIR INSURANCE PRACTICES ACT

### (Liberty Mutual)

54.

The averments of paragraphs 1 through 53 are incorporated herein by reference and realleged as if fully restated herein.

55.

Pursuant to the North Dakota Unfair Insurance Practices Act, N.D.C.C. § 26.1-04-03(9)(d), Liberty Mutual is obligated to act in good faith to effectuate prompt, fair, and equitable settlements of claims.

56.

Liberty Mutual has acted unreasonably and in bad faith withholding payment of Plaintiff's claim under the Payment Bond.

57.

Liberty Mutual did not attempt in good faith to effectuate prompt, fair and equitable settlement of the claim in violation of the North Dakota Unfair Practices Act, N.D.C.C. § 26.1-04-03(9)(d).

58.

Pursuant to the terms of the Payment Bond, Liberty Mutual is liable for the principal amounts due for the purchase price of the Metal Building System, accrued late fees, attorney's fees and costs of collections pursuant to the Purchase Order Contract between Plaintiff and Hansen.

## **Prayer For Relief**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of $462,298.20, representing the Purchase Price and accrued interest as provided by law; that Plaintiff recover its reasonable attorney's fees, costs of action, and expenses of collection as shown by the evidence through trial of this action; and that Plaintiff recover such other remedy and relief as the Court deems just and appropriate according to the evidence at trial.

Dated this 3rd day of January, 2012.

PEARCE & DURICK
By
PATRICK W. DURICK, ND #03141
RACHEL A. BRUNER-KAUFMAN, ND #06418
Individually and as Members of the Firm
*Attorneys for Plaintiff*
314 E. Thayer Avenue
P.O. Box 400
Bismarck, North Dakota 58502
701-223-2890

- 12 -